UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF NEW YORK MELLON, | Case No.: 2:17-cv-00544-APG-DJA |
| Plaintiff | **Order Granting Plaintiff's Motion for Summary Judgment** |
| v. | [ECF No. 49] |
| EUPERT DUNBAR, et al., | |
| Defendants | |

Plaintiff The Bank of New York Mellon (BONY) sues to determine whether a deed of trust still encumbers property located at 5008 Signal Drive in Las Vegas following a non-judicial foreclosure sale conducted by a homeowners association (HOA), defendant Los Prados Community Association (Los Prados). BONY seeks a declaration that the deed of trust was not extinguished by the HOA sale and it asserts alternative damages claims against Los Prados and Los Prados's foreclosure agent, defendant Nevada Association Services, Inc. (NAS). Finally, BONY seeks to conduct a judicial foreclosure on the deed of trust and thereby extinguish all junior liens.

BONY moves for summary judgment, arguing that the HOA foreclosure sale did not extinguish the deed of trust for a variety of reasons, including that the superpriority amount was tendered prior to the sale. Defendant Republic Silver State Disposal, Inc., which holds a lien for unpaid trash collection service, filed a limited opposition, arguing that its lien is superior to BONY's and the HOA's liens and should retain its priority position on the property. Los Prados opposes, contending that it is not a proper party to the declaratory relief claim. It also argues there is insufficient proof the tender was delivered to NAS. Defendant Signal Drive Trust (Trust), which purchased the property at the HOA foreclosure sale, also opposes BONY's

motion. Trust joins in the HOA's argument that there is insufficient proof of delivery of tender. Trust also argues there was a $190 nuisance abatement charge that was part of the superpriority lien, which the tender did not cover. Finally, Trust argues the tender letter contained impermissible conditions.

The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motion. Because Bank of America tendered the superpriority amount, BONY is entitled to judgment as a matter of law on its own declaratory relief claim. Because the deed of trust was not extinguished, BONY's alternative damages claims against Los Prados and NAS are moot. BONY's judicial foreclosure claim remains pending.

# I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the

light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Under Nevada law, a "first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust." *Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc). To be valid, tender must be for "payment in full" and must either be "unconditional, or with conditions on which the tendering party has a right to insist." *Id.* at 118.

BONY has met its initial burden of establishing that Bank of America tendered the superpriority amount in full. The HOA assessment was $151.25 per month. ECF No. 49-8 at 12. Prior to the HOA foreclosure sale, Bank of America, through the law firm Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), tendered $1,361.25 to NAS to cover the superpriority amount of nine months of assessments. *Id.* at 3-7, 15-17. According to Miles Bauer's case management system, NAS returned the check. *Id.* at 5, 7.

Los Prados and Trust argue the affidavit of Douglas Miles and the attached screenshot from Miles Bauer's case management computer system are insufficient to show the tender check was delivered to NAS because there is no proof of mailing or a runner's slip to show delivery and because NAS's own records do not document receipt or return of the check. However, the printout from Miles Bauer's internal case management system and copies of the tender letter and check are circumstantial evidence from which a reasonable jury could find delivery and rejection. Additionally, while none of NAS's records show receipt or rejection of the check, there is no evidence that NAS's records ordinarily would document receipt or rejection of a tender check. Indeed, NAS's founder and former chief executive officer David Stone testified that when NAS "started receiving dozens and dozens of these letters, [NAS had] a blanket letter

3

that went to Miles Bauer saying we're sending these back to you.  So [the Miles Bauer letter and copy of the tender check] may not have made it into the file for that particular account, just because we didn't have the—it was becoming burdensome." ECF No. 49-15 at 10. Consequently, the lack of a copy or some other record of receipt and rejection in NAS's files does not raise a genuine dispute that the tender was not delivered.  Los Prados and Trust present no other evidence that NAS did not receive the tender check and they have not presented evidence raising a genuine dispute about the trustworthiness of Miles Bauer's business records. *See* Fed. R. Evid. 803(6)(E).  Consequently, no genuine dispute remains that Bank of America, through Miles Bauer, delivered the tender check to NAS.

Trust argues that even if the tender was delivered, the amount was incorrect because there was a $190 charge for lawn care, which would amount to a maintenance or nuisance abatement charge and thus be part of the superpriority lien.  However, the $190 charge was incurred after the recording of the notice of delinquent assessment lien, notice of default, and first notice of sale. *See* ECF Nos. 49-4 (notice of delinquent assessment lien recorded in October 2010); 52-7 (notice of default recorded in November 2010); 52-9 (first notice of sale recorded in March 2011); 52-10 at 4 (lawn service charge in January 2013).  Where a nuisance abatement or maintenance charge arises after the notice of delinquent assessment lien is served, the HOA "would have been required to issue new foreclosure notices if it sought to afford those costs superpriority status." *Doreen Properties, LLC v. U.S. Bank Nat'l Ass'n as Tr. for Holders of Bear Sterns Alt-A Tr. 2006-3*, No. 75885-COA, 2019 WL 2474893, at *1 (Nev. App. June 12, 2019) (citing *Property Plus Invs., LLC v. Mortgage Elec. Registration Sys.*, 401 P.3d 728, 731-32 (Nev. 2017) (en banc) (stating that the HOA is not limited to one superpriority lien but it must initiate a new foreclosure process to enforce a second superpriority default)); *see also Saticoy*

*Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 231 (Nev. 2017) (holding that serving the notice of delinquent assessment lien institutes the HOA's proceedings to enforce its lien).

Finally, Trust argues that the Miles Bauer letter was impermissibly conditional because it required the HOA to subordinate maintenance and nuisance abatement charges. The Supreme Court of Nevada has already held that where, as here, there is no evidence that maintenance or nuisance abatement charges are part of the superpriority lien, identical Miles Bauer letters did not impose impermissible conditions on tender. *See Bank of Am., N.A.*, 427 P.3d at 117-18; *BDJ Invs., LLC v. Bank of Am., N.A.*, No. 76481, 448 P.3d 573, 2019 WL 4392466, at *1 (Nev. 2019) ("Because nothing in the record indicates that the HOA had incurred any maintenance or nuisance abatement charges at the time the tender was made, the letter cannot reasonably be construed as forcing the HOA to waive its right to afford superpriority status to any such charges that might be assessed in the future."); *Alliant Commercial, LLC v. Bank of New York Mellon*, No. 76565, 443 P.3d 544, 2019 WL 2725620, at *1 (Nev. 2019) ("Assuming without deciding that the tender contained a misstatement of law, such a misstatement is not an impermissible condition as it does not require anything of the HOA for the HOA to be able to accept the tender. Furthermore, no such [maintenance and nuisance abatement] charges are at issue in this case. Thus, the purported misstatement does not alter the tender's legal effect."). Because there is no evidence of maintenance or nuisance abatement charges as part of the superpriority lien, the tender letter did not contain impermissible conditions.

In sum, no genuine dispute remains that the superpriority lien was satisfied by Bank of America's tender and the property remains encumbered by the deed of trust. *Bank of Am., N.A.*, 427 P.3d at 121. Because the HOA sale did not extinguish the deed of trust, I dismiss as moot

5

BONY's alternative damages claims against Los Prados and NAS. BONY's judicial foreclosure claim remains pending.

## II. CONCLUSION

I THEREFORE ORDER that plaintiff Bank of New York Mellon's motion for summary judgment **(ECF No. 49) is GRANTED as follows**: It is hereby declared that the non-judicial foreclosure sale conducted by Los Prados Community Association on December 20, 2013 did not extinguish the deed of trust and the property located at 5008 Signal Drive in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of New York Mellon's alternative damages claims against defendants Los Prados Community Association and Nevada Association Services, Inc. are dismissed as moot.

DATED this 22nd day of June, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE